IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:12-CR-0322-AT-JFK-1 |
| SANTAS HERNANDEZ, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Pending before the court is retained counsel, James M. Grant's, Mark A. Kirchen's, and Adam S. Jaffe's ("retained counsel") motion [Doc. 109] to withdraw as counsel which includes the affidavit of Mr. Grant and attached billing records for retained counsel. District Judge Totenberg referred to the undersigned for a report and recommendation the matter of the attorney's fee issue, that is, the appropriate amount of attorney's fees and costs to be subtracted from the $10,000.00 retainer paid by Defendant Santas Hernandez (from funds borrowed from third parties), with the remainder to be refunded to Defendant. [Doc. 112].

I.  **Background Facts**

This issue arose when retained counsel filed a notice of appearance on May 12, 2014. [Doc. 106]. Two days later on May 14, 2014, appointed counsel for Defendant, Brian Mendelsohn and Victoria Calvert, Federal Defender Program, filed a motion seeking clarification regarding Defendant's representation and requesting a hearing with the District Judge. [Doc. 107]. That request was granted, and the hearing was held on May 21, 2014. At the hearing, attended by Mr. Grant and Mr. Kirchen, Defendant stated that she wished to remain represented by Mr. Mendelsohn. She further requested that the $10,000.00 retainer be returned. [Doc. 108]. The District Court approved the withdrawal of retained counsel upon submission of a fee application that the court determined as an acceptable and appropriate resolution of the fee dispute. [Docs. 108, 112]. Retained counsel subsequently filed the pending motion to withdraw. [Doc. 109].

The court has reviewed the pending motion to withdraw. Of the three retained counsel, only the affidavit of Mr. Grant is appended thereto. [Id., Grant Affidavit ("Aff.")]. He states that he has been a member of the bar in Georgia since October 2011 and that his hourly billing rate is $275.00. [Id. ¶¶ 2-3]. The only information provided about Mr. Jaffe's and Mr. Kirchen's hourly billing rate is a summary

2

statement at the end of the attached billing records. [Grant Aff., Billing Records]. Mr. Grant's affidavit provides no information about the contract with Defendant Hernandez but the first date on the billing records is March 10, 2014,[1] with the last entry June 2, 2014, the date of filing the motion to withdraw. [Id.]. Based on the billing records, Mr. Grant asserts that $6,332.50 in attorney's fees and $245.68 in costs were incurred, leaving $3,421.82 to be refunded to Defendant. [Grant Aff. ¶¶ 6-8].

Defendant filed an objection to the proposed fee return provisions contending that the hourly rates stated for Mr. Jaffe, Mr. Grant and Mr. Kirchen are substantially inflated and that the minimal substantive work performed in the case does not account for the amount of the $10,000.00 retainer allegedly expended in the short time retained counsel appeared in the case. [Doc. 110]. Retained counsel filed a response to the objections but did not supply further details to justify the hourly billing rates for each attorney or to explain further the nature of the work performed on the case. [Doc. 111]. The court set a hearing for July 7, 2014, to allow retained counsel an opportunity

---

[1]As stated, retained counsel filed a notice of appearance on May 12, 2014. [Doc. 106]. The court notes that the Criminal Local Rules for the Northern District of Georgia mandate that a notice of appearance be filed within **three** days of an attorney being retained by a defendant in a criminal case. See Crim. L.R. 57.1D(1)(b), N.D. Ga. If retained counsel were formally retained prior to May 9, 2014, they failed to comply with this court's local rules.

3

to provide additional information concerning the billing rates quoted and the amount of time expended representing Defendant. [Doc. 113]. In that order, the court stated, based on the record before this court, that many of the objections made by Defendant to the amount of the $10,000.00 sought to be retained appeared to be well-taken. [Id.]. Although forewarned about the court's concerns regarding the billing rates and time expended, only Mr. Grant appeared at the hearing on July 7, 2014. Also appearing were Defendant Hernandez and her counsel, Brian Mendelsohn and Victoria Calvert.

The following is a summary of the pertinent information provided during the hearing. Mr. Grant did not produce any further records to explain the nature of the work performed during the 21.50 hours claimed on the billing records. He stated that, due to the fact that the file was closed and archived, there was insufficient time to obtain those records.[2] Defendant's son, Dionicio Vilorio, who is fluent in English and Spanish, was called by Defendant to testify. Mr. Vilorio accompanied Defendant to meetings with retained counsel and acted as an interpreter. Retained counsel did not seek out Defendant; she approached them concerning representation. The first meeting occurred on March 10, 2014, when the contract (written in English and read to

---

[2]An unsigned copy of the contract signed by Defendant was available on Mr. Grant's i-Pad and used by counsel during the hearing.

4

Defendant by her son) was presented and signed on that date. The purpose of the representation was to handle Defendant's trial, then scheduled for May 19, 2014 [Doc. 87][3], and the total quoted fee was $15,000.00 to be paid in three $5,000.00 installments. As Mr. Vilorio understood the terms of the contract, retained counsel would commence work on the case upon payment of $10,000.00, and language in the contract supports that understanding. There is no dispute that the second $5,000.00 was paid on May 6, 2014, that a call was placed to Mr. Mendensohn's office on that date about representation, that retained counsel filed a notice of appearance on May 12, 2014, and that a letter was sent to Mr. Mendensohn on that date stating retained counsel would be handling the case going forward [Def. Ex. 1]. Mr. Vilorio stated that during the meetings with retained counsel on and before May 6, 2014, papers concerning Defendant's case were provided to retained counsel and that some discussions about the case occurred with Mr. Grant.

Mr. Mendelsohn proffered that during the period of March 10, 2014, through May 12, 2014, while retained counsel were "representing" Defendant unbeknownst to him, Federal Defender Program counsel and investigators invested approximately 111

---

[3]On April 16, 2014, the court entered an order granting a continuance of the trial until August 11, 2014. [Doc. 105].

5

hours in trial preparation. The court notes that during this time frame a number of Rule 17(c) subpoenas were sought and obtained by defense counsel as part of that trial preparation. [Docs. 89-103].

With respect to the experience, reputation and ability of retained counsel, Mr. Grant confirmed that he does not have any experience in federal court handling felony criminal cases. He asserted, however, that he has substantial experience, both as a former assistant district attorney and a criminal defense attorney, handling criminal cases in state and superior court and that there is no difference trying a federal case. When asked to explain the application of the United States Sentencing Guidelines to Defendant's case, Mr. Grant was unable to do so and explained that Mr. Jaffe would handle that part of the case. However, Mr. Jaffe, whom the court understands has minimal federal criminal court experience and has not handled a federal criminal case since 2005, was not present for the court to access his knowledge. And Mr. Kirchen also appears to have no federal criminal court experience.

Additional information will be set forth as necessary during discussion of retained counsel's motion to withdraw.

6

## II. Discussion

In accordance with Criminal Local Rule 57.1C, N.D. Ga., adopting by reference the Civil Local Rule 83.1C, N.D. Ga., counsel appearing in this court are bound by the Georgia Rules of Professional Conduct. Those rules require that an attorney's fee be reasonable and provide factors to guide that determination. See Ga. Code of Prof. Conduct R. 1.5. The court, thus, concludes that application of that rule of professional conduct to the fee issue before this court is appropriate. See United States v. Brown, 2008 WL 1836677 (S.D. Ga. April 28, 2008).

In Brown, the court set forth and considered the list of eight factors found in Rule 1.5 to determine the reasonableness of attorney's fees in that case:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services:

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

2008 WL 1836677, at *2 (quoting Ga. Code of Prof. Conduct R. 1.5).  Applying these factors to the record before the court, the court finds that retained counsel's hourly billing rates for each attorney and the amount of hours expended on Defendant's case for which retained counsel seek compensation are not reasonable.

Although the time and labor required in the trial of Defendant's case are substantial and there are difficult issues to be resolved which require the skills of experienced criminal defense attorneys to properly handle Defendant's trial, the first factor does not weigh in retained counsel's favor.  As will be discussed further *infra*, the billing rates charged, $400.00 for Mr. Jaffe and $275.00 for Mr. Grant and Mr. Kirchen, are excessive given their lack of federal criminal court experience - experience the court finds necessary for effective representation under the circumstances of this case.  Second, there is no evidence in the record that acceptance of Defendant's representation precluded retained counsel from accepting any other

8

employment, especially given the brief period of that employment and the minimal amount of substantive work performed on Defendant's case.

With respect to the third and seventh factors, based on thirty years of experience in federal court in the Northern District of Georgia, the court recognizes that retained criminal defense attorneys, experienced in federal cases, have billing rates that equal or exceed the billing rates quoted by retained counsel. Nonetheless, the third factor does not weigh in retained counsel's favor because retained counsel lack recent (Mr. Jaffe) or any (Mr. Grant and Mr. Kirchen) federal criminal case experience. As the court stated at the hearing, given the lack of experience in federal court, retained counsel would not be placed on the court's CJA Panel or otherwise appointed to handle a criminal case in federal court.[4] CJA Panel attorneys are currently allowed to bill at an hourly rate, both in and out of court, of $126.00 per hour. Based on retained counsel's lack of federal experience, which the court does deem important irregardless of state criminal case experience, a billing rate more in line with the current CJA hourly rate is reasonable and reflects the level of legal skills retained counsel were able to offer Defendant during the period of representation.

---

[4]Because this court serves on the District's CJA Committee, which screens and determines an attorney's admission to the CJA Panel, the court is familiar with the type of expertise and knowledge required for Panel attorneys.

9

With respect to the fourth and sixth factors, given the short period of actual representation, no results were obtained by retained counsel, and, necessarily, Defendant's relationship with retained counsel was of a short duration. These factors weigh against retained counsel. As Mr. Grant pointed out at the hearing, when the contract was signed on March 10, 2014, the trial date was set for May 19, 2014, setting a short time limitation which would indicate that the fifth factor weighs in retained counsel's favor. However, before the second $5,000.00 installment was paid on May 6, 2014, triggering retained counsel filing a notice of appearance, the trial had been continued until August 11, 2014, alleviating any time constraints. [Docs. 87, 105]. The court also notes that, based on the billing records, retained counsel performed very little substantive work on the case in late March or early April, that is, meetings with Defendant and file reviews and legal research reflects time billed of only 6.2 hours. [Doc. 109, Grant Aff., Billing Records]. The records do not reflect the amount of substantive work the court would expect to be invested in a case with a looming trial date. In fact, as the court noted at the hearing, the bulk of the time billed, with the exception of Mr. Grant's and Mr. Kirchen's appearance at the hearing before District Judge Totenberg, involves unexplained meetings among counsel in early April and emails and meetings among counsel in May after Mr. Mendelsohn filed the two page

motion seeking a hearing to clarify representation. [Doc. 107]. That request generated 4.6 hours of billed time - none of which apparently constituted substantive work on Defendant's case. The fifth factor also weighs against retained counsel.

Finally, the eighth factor weighs against retained counsel because the fee in this case was a fixed fee and not a contingent fee. See Brown, 2008 WL 1936677, at *3 ("as this was not a contingent fee case where [counsel] had to take any extraordinary financial risks to bring the case trial[,]" this "factor presents the last nail in [counsel's] coffin").

Based on the foregoing discussion, the court concludes that the billing rates charged and hours billed by retained counsel are unreasonable. The court recommends applying the current CJA billing rate of $126.00 per hour for all retained counsel. The court further recommends only allowing compensation for the following entries on the submitted billing records:

| Date | Description of Services | Hours |
| --- | --- | --- |
| 3/19/2014 | In-Office Meeting w/Client | 0.1 |
| 4/08/2014 | In-Office Meeting w/Client | 1.2 |
| 4/09/2014 | File Review of Documents | 3.2 |
| 4/09/2014 | Legal Research | 1.7 |

11

| | | |
|---|---|---|
| 5/06/2014 | In-Office Meeting w/Client | 1.5[5] |
| 5/12/2014 | Drafting & Filing Documents/Letters | 0.5 |
| 5/14/2014 | Review of Filed Motions | 0.5[6] |
| 5/16-19/2014 | Review/Draft Emails and Joint Meetings | 1.0[7] |
| 5/21/2014 | Out-of-Office Travel/Courtroom Time | 6.2[8] |
| 6/02/2014 | Drafting & Filing Documents | 0.5[9] |

These entries total 16.4 billable hours at a rate of $126.00 per hour for a total amount of attorney's fees of $2,066.40. With the reimbursed expenses of $245.68, which appear appropriate, the total amount properly charged by retained counsel is

---

[5]There is a second entry this date indicating an in-office meeting including Mr. Jaffe. The court understands Mr. Jaffe's brief attendance was for the sole purpose of granting Defendant a month's extension to pay the third $5,000.00 installment.

[6]There is a second entry on this date for the same purpose by Mr. Jaffe. The court understands the reviewed motion to be the two page motion for clarification filed by Mr. Mendelsohn. The court frankly does not see how reading, or even discussing, a two page motion required a total of one hour by two attorneys.

[7]From May 16, 2014, through May 19, 2014, as previously noted, retained counsel expended 4.6 hours in response to the motion to clarify. The court finds that one additional hour is a reasonable amount of time to prepare for the May 21, 2014, hearing before District Judge Totenberg.

[8]This takes into account the separate entries for Mr. Grant and Mr. Kirchen.

[9]The court believes this document to be the motion to withdraw. [Doc. 109].

12

$2,312.08. Defendant made two installment payments to retained in the total amount of $10,000.00. If $2,312.08 is subtracted from that amount, $7,687.92 should be refunded to Defendant.[10]

### III.   Conclusion

For the foregoing reasons, the court **RECOMMENDS** the following resolution of the attorney's fee dispute in conjunction with granting retained counsel's motion to withdraw [Doc. 109]: (1) that the District Court find that the reasonable hourly rate for each retained counsel be set at $126.00 per hour; (2) that a total of 16.4 hours be deemed the number of billed hours reasonably expended in representing Defendant; (3) that the total attorney's fee charges (inclusive of costs) in this case is $2,312.08; and (4) that $7,687.92 be refunded to Defendant in no more than two installments, the first being made within fourteen days of entry of the court's order on the motion to withdraw and the final installment being made within twenty-eight days of the court's order.

---

[10] The court understands that the $10,000.00 represented funds loaned to Defendant by third parties and are not funds available for payment into the registry of the court for utilization in defraying the cost of Defendant's representation. See Brown, 2008 WL 1836677, at *3 & n.7.

13

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 9th day of July, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE