IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL CASE NO. 1:12-CR-322-AT-JFK |
| SANTAS HERNANDEZ | |

**RETAINED COUNSEL'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

COMES NOW, Retained Counsel, Atlanta Trial Lawyers Group (hereinafter "ATLG"), and files this objection to the Report and Recommendation of the United States Magistrate Judge.  In support, ATLG shows as follows:

On May 21, 2014, a hearing was held in front of the District Court regarding Defendant's Counsel's Motion to Clarify Attorney Representation of Defendant.  At the conclusion of the hearing, the District Court instructed ATLG to file a motion to withdraw along with an accounting of the hourly expenses incurred on behalf of ATLG regarding its representation of Defendant.  On June 2, 2014, ATLG complied with the District Court's instructions, filing both a motion to withdraw and a bill outlining the hours worked on Defendant's case by all three

attorneys. On July 7, 2014, a hearing was held before the Magistrate Court regarding a recommendation concerning the fee dispute issue. On July 9, 2014, the Magistrate Court filed its report and recommendation concerning the fee dispute issue.

ATLG objects to the Magistrate Court's recommendation that: (1) the hourly fees of all three attorneys be reduced to $126.00 per hour, (2) the hours expended by ATLG on behalf of Defendant's case be reduced from 21.50 to 16.4, (3) the total attorney's fees be reduced from $6,332.50 to $2,312.08, and (4) the timeline for issuing the refund be reduced from three monthly installments to two payments within twenty-eight days.

ATLG objects to the Magistrate Court's recommendations based upon the Court's interpretation of the factors as listed in United States v. Brown. United States v. Brown, 2008 WL 1836677 (S.D. Ga. April 28, 2008). According to the first prong in Brown, the Court must make a determination as to the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly. In this case, Defendant retained ATLG to take the case to trial as it had been pending since September 25, 2012. The Federal Defender's Office had performed the extensive task of preparing the case for trial. However, the Defendant sought out private counsel due to the Federal Defender's

lack of communication and contact with the Defendant.  As such, ATLG was retained to compile all the evidence, line up any and all witnesses, finalize preparations for trial and to take the case in front of a jury.  Therefore, this prong should weigh in favor of ATLG.

According to the second prong in Brown, the Court must make a determination as to the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.  In this case, ATLG anticipated a minimum of a five-day trial.  As such, this would directly preclude Mr. Jaffe, Mr. Grant and Mr. Kirchen from other employment as attorneys during the week leading up to and the week of trial, at a minimum.  Therefore, this prong should weigh in favor of ATLG.

According to the third prong in Brown, the Court must make a determination as to the fee customarily charged in the locality for similar legal services.  In Brown, the Court noted that, "In 2003, the average fee billed out by Atlanta lawyers was in the range of $265 per hour…".  Id.  That particular citation referenced the average hourly rate for Atlanta attorneys without regard for whether they were a civil or criminal attorney.  In this case, Mr. Jaffe, Mr. Grant and Mr. Kirchen are Atlanta area attorneys with both civil and criminal experience across the entire state of Georgia, the Southeast and the Nation through pro hac vic status.

As senior associates with the law firm, Mr. Grant and Mr. Kirchen's hourly rates of $275.00 per hour are at or below the current hourly standard for an Atlanta area attorney. As a senior partner of the law firm with extensive experience totaling over fourteen years, Mr. Jaffe's hourly rate of $400.00 per hour is similarly at or below the current hourly standard. Therefore, this prong should weigh in favor of ATLG.

According to the fourth prong in Brown, the Court must make a determination as to amount involved and the results obtained. In this case, it was clear that ATLG was retained by Defendant to take the case to trial. As such, until a trial could be conducted, there were no results that could be obtained. Therefore, this prong should not be counted in favor of Defendant or ATLG.

According to the fifth prong in Brown, the Court must make a determination as to the time limitations imposed by the client or the circumstances. In this case, there was a short initial timeline as the attorney-client contract was signed on March 10, 2014 and the trial date was set for May 19, 2014. The trial date was eventually continued until August 11, 2014. Nonetheless, ATLG was operating under the initial presumption that it would be operating under a condensed timeline when it negotiated its fee with Defendant. Therefore, this prong should weigh in favor of ATLG.

According to the sixth prong in <u>Brown</u>, the Court must make a determination as to the nature and length of the professional relationship with the client.  In this case, Defendant sought out the legal services of Mr. Jaffe, Mr. Grant and Mr. Kirchen.  Further, from March 10, 2014 until May 21, 2014, the Defendant never questioned the legitimacy of the contract or the fee charged.  Private defense counsel is a luxury that Defendant sought out of her own accord and bound herself to a contract where attorneys rendered the services outlined.  Therefore, this prong should weigh in favor of ATLG.

According to the seventh prong in <u>Brown</u>, the Court must make a determination as to the experience, reputation, and ability of the lawyer or lawyers performing the services.  In this case, Defendant hired Mr. Jaffe, Mr. Grant and Mr. Kirchen to represent her in the above-referenced case.  Mr. Grant has been a member of the Georgia Bar since 2011 and continues to bill clients at his firm at the rate of $275.00 per hour.  Mr. Kirchen has been a member of the Georgia Bar since 2007 and continues to bill clients at his firm at the rate of $275.00 per hour.  Mr. Jaffe has been a member of the Georgia Bar since 2000 and continues to bill clients at his firm at the rate of $400.00 per hour.  The three attorneys that were working on Defendant's case have a combined twenty-three years of experience.  Defense Counsel even cited to the supervising attorney, Mr. Jaffe's, experience in

federal district court, both civil and criminal matters, in its Motion to Clarify Attorney Representation of Defendant. A recommendation that three private attorneys with a combined twenty-three years of experience across the State of Georgia, the Southeast, and Nation should bill their clients at $126.00 per hour is without merit. Therefore, this prong should weigh in favor of ATLG.

According to the eighth prong in Brown, the Court must make a determination as to the whether the fee is fixed or contingent. In this case, it is clear that Defendant was charged a fixed fee. However, on May 21, 2014, the District Court requested that ATLG reduce its fee to an hourly breakdown and refund any portion which was not earned. ATLG followed the Court's explicit instructions regarding the withdraw and fee accounting, even though the firm does not bill hourly for criminal clients. Nonetheless, hours were still logged and a fair and accurate bill was provided to the District Court. Further, there was no evidence presented before the Magistrate Court that ATLG's representation was "untenable and directly contravenes the rules of professional conduct", as was the case in Brown. Therefore, this prong should weigh in favor of ATLG.

WHEREFORE, ATLG respectfully requests that this Honorable Court:

(A) Review the Report and Recommendations of the Magistrate Court;

(B) Enter an order finding that ATLG earned $6,578.18 in attorney's fees and expenses, during representation of the Defendant in the above-referenced case;

(C) Enter an order requiring ATLG to refund the Defendant $3,421.82 with such refund being issued in three (3) monthly installments of $1,140.61, $1,140.61 and $1,140.60 to be paid on starting within ten (10) days of the Court's order and each month thereafter; and

(D) That ATLG have such other and further relief as this Court may deem just, proper, and equitable.

Dated: This 23rd day of July, 2014.

Respectfully Submitted,

/s/ James M. Grant
JAMES M. GRANT
GEORGIA BAR NO. 454542
MARK A. KIRCHEN
GEORGIA BAR NO. 110007
ADAM S. JAFFE
GEORGIA BAR NO. 388760

**Atlanta Trial Lawyers Group**
**at Jaffe Law Center, LLC**
**3776 Clairmont Road**
**Atlanta, Georgia 30341**
**Office: (770) 274-2700**
**Fax: (770) 274-2777**
**Jimmy@AtlantaTrialLawyersGroup.com**

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Retained Counsel's Objection to the Report and Recommendation of the United States Magistrate Judge has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Richard Moultrie
Assistant United States Attorney
Suite 600, Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
richard.moultrie@usdoj.gov

Victoria Marie Calvert
Federal Defender Program-Atl
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
victoria_calvert@fd.org

Brian Mendelsohn
Federal Defender Program-Atl
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
brian_mendelsohn@ fd.org

*(signature on the following page)*

Dated: This 23rd day of July, 2014.

                                             Respectfully Submitted,

                                             */s/ James M. Grant*
                                             JAMES M. GRANT

**Atlanta Trial Lawyers Group**     GEORGIA BAR NO. 454542
**at Jaffe Law Center, LLC**         MARK A. KIRCHEN
**3776 Clairmont Road**              GEORGIA BAR NO. 110007
**Atlanta, Georgia 30341**           ADAM S. JAFFE
**Office: (770) 274-2700**            GEORGIA BAR NO. 388760
**Fax: (770) 274-2777**
**Jimmy@AtlantaTrialLawyersGroup.com**